JEROME B. WILLIAMS, Plaintiff, v. BENJAMIN C. TRUE ET AL., Defendants.

Where it was ascertained after the trial of a cause had commenced, that one of the jurors had sat upon a former trial of the same cause, and the court thereupon offered to discharge the jury and continue the case, but the plaintiff, against whom the former verdict had been rendered, consented to go on with the jury as it was, the plaintiff could not, after the

verdict was again rendered against him, object to its validity on the ground that said juror was in the panel.

In General Term on Error.

*John B. Eaton, W. C. Mellen,* and *Kebler & Whitman,* for plaintiff.

*Benj. C. True* and *Judge Okey,* for defendants.

TAFT, J.   This cause has come up on error to the Special Term, in not granting a new trial.

The grounds urged in argument for a reversal are two: 1. That the jury which rendered the verdict had one juror who had been a juror on a former trial of the same cause. 2. That the verdict was against the weight of the evidence.

It appears that after the trial commenced, it was discovered that one of the jurors had been a juror on the former trial.   The counsel for the plaintiff proposed that that juror should be excused, and that the trial go on with the eleven.   To this the defendants objected, and then the court offered to discharge the jury and continue the cause. The plaintiff then consented to go on with the twelve, including the juror who had been one of the jury on the former trial.   The verdict rendered was the same as that rendered by the jury on the former trial, and the plaintiff claims that he ought not to be bound by it.   Affidavits were read by the plaintiff, on the motion for new trial, to show that Taylor, the juror who sat on both trials, was hostile to the plaintiff, because he had expressed an opinion, since the trial, that the verdict should have been for a hundred dollars against the plaintiff, and before the trial had expressed an opinion in favor of the defendants.

He had expressed one opinion, undoubtedly, by the former verdict, and could have been excluded from the jury if the plaintiff had chosen to do so, either by making the inquiry and the request before the jury were sworn, or by refusing to go on after it was ascertained that Mr. Taylor

had rendered one verdict against him. But he preferred to go on, and consented to try the case with Taylor as one of the jurors. The time of the court and witnesses and parties was expended in trying the cause. The court would not have consented to go on with the trial, with the understanding that if Mr. Taylor changed his opinion on the evidence to be offered, and found a verdict for the plaintiff, it should stand, but if he adhered to his old opinion and the other eleven united with him in a verdict for the defendants, the case should be tried again. We think that it is too late, therefore, to object to Mr. Taylor that he had been on the former jury. It was a decisive objection, if taken in time, or if not expressly waived, and one which we should have expected a juror himself to have discovered on the statement of the case. But the court can not lend itself to the trial of cases merely by way of experiment, to see which way they will go, without determining anything, unless they go for the plaintiff. The objection was waived. *Hull* v. *Albro*, 2 Disney, 147.

As to the claim of personal hostility or prejudice on the part of the juror, we do not think that the affidavits show such a case. When the plaintiff consented to Mr. Taylor sitting on that jury, he had the best evidence that the juror had formed and expressed an opinion against him on the evidence as exhibited on the former trial; and the affidavits show nothing more.

On the second point, that the verdict was against the weight of the evidence, we have read the testimony as preserved in the bill of exceptions, and have not been able to find reasons for ordering a third trial of the cause.

It is quite possible that the result would have been different if the case had been submitted to the court instead of the jury. But we do not discover sufficient reason in the evidence to defeat a second verdict and require a third trial. The public has an interest in bringing suits to an end when they have been fairly tried.

The judgment will be affirmed.